IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GABRIEL DRAGOS TOADER, ) | |
| ) | |
| Plaintiff, ) | No. 09 C 6684 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| J.P. MORGAN CHASE BANK, N.A. ) | |
| and BANK OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Gabriel Dragos Toader has filed a two-count amended complaint against J.P. Morgan Chase Bank, N.A. ("Chase") and Bank of America ("BoA"), asserting violations of the Right to Financial Privacy Act (the "RFPA"), 12 U.S.C. § 3401 et seq. Defendants Chase and BoA have moved to dismiss Count One and Count Two, respectively. For the reasons discussed below, defendants' motions to dismiss Counts One and Two are denied.

## FACTS

The facts alleged in the complaint are taken as true for purposes of the instant motions. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). Between September 2005 and July 2006, Toader[1] had checking and savings accounts as well as a safe deposit box with Chase. Between October 2004 and July 2007, Toader had checking accounts with BoA.[2]

---

[1] Toader had both personal and business checking accounts. The latter were opened in the name of T.D.G. Consulting, LLC ("TDG"), owned by Toader and registered in Delaware.

[2] In paragraph 42, the criminal complaint discussed below states that Toader also had a savings account at BoA.

On or about December 21, 2007, a criminal complaint was filed in the U.S. District Court for the Northern District of Illinois, identifying Toader as a fraud scheme participant and charging him with knowingly engaging in monetary transactions in property derived from specified unlawful activity (i.e., wire fraud). (<u>United States v. Toader</u>, 07 CR 862.) The scheme involved tricking individuals into believing that they were purchasing items listed for sale on internet sites such as eBay. According to the criminal complaint, more than 2,000 individuals in the U.S. and abroad wired funds totaling more than five million dollars via Western Union to Toader and other participants.

The criminal complaint includes information obtained from two cooperating witnesses who pled guilty to the fraud scheme, Cristian Bentan and Adrian Ianc. Bentan, who pled guilty on or about October 9, 2007, and Ianc, who pled guilty on or about June 21, 2007, implicated Toader and three others in the fraud scheme. The criminal complaint also references financial records received from defendants Chase and BoA. Toader was taken into custody on December 26, 2007. Ultimately, Toader pled guilty and was sentenced to 96 months of incarceration. Toader's conviction and sentence are currently on appeal.

In response to a grand jury subpoena, defendants Chase and BoA provided the government with information about Toader's accounts. Chase provided this information on January 31, February 15, and July 28, 2008; BoA provided this information on January 30, 2008.

Counts One and Two allege that Chase and BoA, respectively, gave Toader's (or TDG's) financial records and information to the government prior to the grand jury subpoena between November 4, 2004, and December 21, 2007, in violation of 12 U.S.C. § 3403(a). The information provided included the number and names of the accounts, tax identification

2

numbers, balances, deposits, and transfers. Specifically, Toader alleges that defendants acted without authorization, without subpoena, without a proper search warrant, and not pursuant to any provision of disclosure authorized by the RFPA.

## DISCUSSION

**Legal Standard**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to rule on its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and draws all reasonable inferences in the plaintiff's favor. McMillan v. Collection Prof'ls, Inc., 455 F.3d 754, 758 (7th Cir. 2006). Nevertheless, the complaint must plead sufficient facts to suggest plausibly that the plaintiff is entitled to relief. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

**Analysis**

Toader does not dispute that defendants' disclosures in response to the January 9, 2008, grand jury subpoena were proper under the RFPA. Rather, Toader alleges that disclosures made between November 4, 2004, and December 21, 2007, violate the RFPA. In response, Chase argues that Toader's allegations are insufficient under Twombly and that the disclosures were proper under the statutory exception in 12 U.S.C. § 3403(c). Similarly, BoA argues that Toader's allegations are implausible. Toader argues that his complaint, filed pro se, is sufficient under Rule 8 and federal notice pleading standards and that defendants' statutory exception argument is an affirmative defense upon which dismissal would be premature.

3

As a preliminary matter, defendants' statutory exception argument is not an affirmative defense. An affirmative defense "rais[es] new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." JP Morgan Chase Bank, N.A. v. Mal Corp., 2009 WL 804049, at *1 (N.D. Ill. Mar. 26, 2009). Fed. R. Civ. P. 8(c) provides a non-exhaustive list of possible affirmative defenses a party may assert in a responsive pleading. The list includes: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by a fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver. "Where issues are not listed in Rule 8(c) [] courts must analyze whether they are affirmative defenses." Native American Arts, Inc. v. The Waldron Corp., 253 F. Supp. 2d 1041, 1045 (N.D. Ill. 2003).

Toader's complaint alleges that defendants violated 12 U.S.C. § 3403(a) by providing financial records and information to the government "without the Plaintiff's authorization, without administrative or judicial subpoena, without a Search Warrant properly issued by a Magistrate Judge of the United States or by a Judge of any State, *nor pursuant to any provision of disclosure authorized by Title 12 U.S.C. § 3401 et seq.*" (Emphasis added.) Defendants' statutory exception argument—that the disclosures were proper under 12 U.S.C. § 3403(c)—does not defeat Toader's claim if his allegations are true (i.e., the disclosures were not made pursuant to any provision of the RFPA). Moreover, in considering a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in Toader's favor. As Toader notes, it is reasonable to infer that his complaint alleges that

4

defendants' disclosures were "not in accordance with any method for disclosure allowed under the RFPA, including Section 3403(c)."

The RFPA restricts government access to the financial records of any customer unless they are reasonably described and disclosure is authorized by the customer or made in response to subpoena or summons, search warrant, or formal written request. Sections 3403(c), 3403(d), 3413, and 3414 provide exceptions. Section 3403(c) provides, in part:

> Nothing in this chapter shall preclude any financial institution, or any officer, employee, or agent of a financial institution, from notifying a Government authority that such institution, or officer, employee, or agent has information which may be relevant to a possible violation of any statute or regulation. Such information may include only the name or other identifying information concerning any individual, corporation, or account involved in and the nature of any suspected illegal activity.

In the instant case, the issue is whether Toader's allegations are sufficient to withstand a motion to dismiss in light of § 3403(c) and Toader's involvement in the fraud scheme. Given Toader's eventual guilty plea, it seems plausible that alleged disclosures of Toader's financial records and information prior to the subpoena were made by defendants because they had "information which may be relevant to a possible violation of any statute or regulation." Nevertheless, Toader's allegations are sufficient to put defendants on notice and suggest that defendants might have made improper disclosures at the time of those disclosures.

Despite the fact that, in retrospect, defendants had reason to disclose Toader's financial records and information, the RFPA permits disclosure of limited information in certain circumstances and in a certain manner—which cannot be determined at this point. If defendants' disclosures prior to the January 9, 2008, grand jury subpoena were not in response to subpoena, summons, or warrant, then the government's request for financial records under § 3408, if any,

5

or defendants' knowledge of information relevant to violations of law under § 3403(c), if any, are material, as are the manner and scope of the disclosures. Thus, for example, even if the information provided by defendants fell under § 3403(a), the court could not determine from the complaint whether it conformed to or exceeded the limitations imposed by the statute. These issues may well be determined on a motion for summary judgment, but are not properly examined under Rule 12(b)(6).

Accordingly, the motions to dismiss are denied.

## CONCLUSION

For the reasons discussed above, defendants' motions to dismiss Counts One and Two are denied. Defendants are directed to answer the complaint on or before August 20, 2010. This matter is set for a report on status September 8, 2010, at 9:00 a.m.

**ENTER:** **July 28, 2010**

_____
**Robert W. Gettleman**
**United States District Judge**