Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 06684 | **DATE** | 12/2/2010 |
| **CASE TITLE** | Gabriel Dragos Toader vs. JPMorgan Chase Bank, N.A., et al. | | |

**DOCKET ENTRY TEXT**

As discussed in open court and as described more fully below, Defendant JPMorgan Chase Bank, N.A.'s Rule 26(c) Motion for Protective Order [Doc. 80] and Defendant Bank of America's Motion for Protective Order [Doc. 85] (collectively, "Motions") are **GRANTED IN PART AND DENIED IN PART**.

The parties shall appear for a status conference on February 10, 2011, at 9:00 a.m.

■[ For further details see text below.]  Notices mailed by Judicial staff.

# STATEMENT

On October 27, 2010, Plaintiff served Defendant JPMorgan Chase Bank, N.A. ("Chase") with interrogatory and document requests ("Chase Discovery Requests"). On November 8, 2010, after the parties had consulted, Plaintiff withdrew Request for Production Nos. 12 and 15, and Interrogatory No. 8. On October 27, 2010, Plaintiff also served Defendant Bank of America ("BOA") with interrogatory and document requests ("BOA Discovery Requests"). On November 29, 2010, after the parties had conferred, Plaintiff withdrew Request for Production No. 12.

On November 10, 2010, Chase filed a Motion for Protective Order, contending that it is specifically prohibited by federal law from disclosing any of the information requested by Plaintiff. (Chase Mot. ¶¶ 1, 8-9, 15.) On November 23, 2010, BOA filed a Motion for Protective Order, incorporating the arguments made by Chase in its motion. (BOA Mot. ¶ 3.)

Under federal law, financial institutions are required to file a uniform Suspicious Activity Report ("SAR") to report any suspicious transactions relevant to a possible violation of law or regulation. *See Gregory v. Bank One Corp.*, 200 F. Supp. 2d 1000, 1001 (S.D. Ind. 2002); 31 U.S.C. § 5218(g)(1); 12 C.F.R. § 21.11. Moreover, federal law prohibits disclosure of SARs or of any information that would disclose that a SAR has been prepared or filed. 12 C.F.R. § 21.11(k). Thus, federal law creates "an unqualified discovery and evidentiary privilege that cannot be waived by the reporting financial institution." *Gregory*, 200 F. Supp. 2d at 1002.

However, federal law does not prohibit "the disclosure of the underlying factual documents which may cause a bank to submit a SAR. Furthermore, those underlying documents do not become confidential by reason of being attached or described in a SAR. . . . Therefore, the better approach prohibits disclosure of the SAR while making clear that the underlying transaction such as wire transfers, checks, deposits, etc. are disclosed

| STATEMENT |
|---|

as part of the normal discovery process." *Cotton v. PrivateBank and Trust Co.*, 235 F. Supp. 2d 809, 814 (N.D. Ill. 2002).

Here, Plaintiff has withdrawn his discovery requests that specifically requested information on SARs and amended his definitions of "document" and "communication" to exclude SARs or any information related to SARs. (Chase Mot. Resp. ¶¶ 1, 10 & n.2; BOA Mot. Resp. ¶¶ 4, 9, 10.) In any event, the Court reiterates that Defendants are not to produce SARs or any information that would disclose that a SAR has been prepared. However, Defendants shall produce all other responsive information, including all underlying documents that may have caused Chase or BOA to submit a SAR.

Defendants also contend that Plaintiff's discovery requests "should be limited to only the scope of the information contained in Chase's [pending Motion for Summary Judgment.]" (Chase Mot. ¶ 15.) Defendants assert that other information is "not relevant and beyond the scope of the limited issue in this case." (*Id.* 5 n.2.) However, relevancy under Rule 26 is extremely broad. *See Saket v. Am. Airlines*, 2003 WL 685385, at *1 (N.D. Ill. 2003). In fact, "[r]equests for discovery are relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Here, the Court finds that Plaintiff's discovery requests are "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1); *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (observing that "'relevant to the subject matter involved in the pending action'—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"). For example, as discussed in open court, the Court finds that Plaintiff's bank records could reasonably lead to the discovery of admissible evidence.

This Order addresses only the Chase Discovery Requests and the BOA Discovery Requests at issue in Defendants' Motions. For example, the Court has no opinion on whether SARs may be discoverable pursuant to a request under Fed. R. Civ. P. 56(f) to conduct additional discovery.